IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRY JONES                              :

    Plaintiff                              :

    v.                                     :    Civil Action No. L-05-3223

UNITED STATES OF AMERICA                 :

    Defendant                              :

**MEMORANDUM**

This is a pro se civil action for return of personal property [1] filed by federal inmate Henry Jones ("Jones").[2] The government has filed a Motion to Dismiss or for Summary Judgment on the ground that the action is barred by the six-year statute of limitations applicable to suit against the United States. The motion will be granted.

I.    **Introduction**

On May 2, 1992, Jones's home was searched incident to his arrest as part of an investigation conducted by an Organized Crime Drug Enforcement Task consisting of the Federal Bureau of Investigation, Baltimore City Police Department, and other local jurisdictions.

---

[1] Plaintiff filed this action as a Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g). Where trial has concluded and there is no need for the property as evidence, Rule 41 is not the appropriate vehicle for seeking a return of property. Accordingly, the Court construes the motion as a civil equitable proceeding. See United States v. Jones, 215 F.3d 467, 468-70 (4th Cir. 2000); accord United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990); United States v. Robinson, 78 F. 3d 172, 174 (5th Cir. 1996).

[2] Jones is serving a life sentence for conspiracy to distribute and to possess with the intent to distribute heroin and fentanyl. See United States v. Ortiz, et al., Criminal Action No. S-92-301 (D. Md.), aff'd, 52 F.3d 323 (4th Cir. 1995) (unpublished).

C/M CHAMBERS_____7-/-07___

During the search, agents seized as evidence items that Jones now requests be returned.[3]

Jones filed the instant motion on November 22, 2005. In its response, the government states that it does not have the property and that the evidence seized was kept in the custody of the Baltimore City Police Department. The government also states that this action is barred by the six-year statute of limitations that applies to civil actions against the United States.[4]

**II.   Analysis**

Where, as here, property is seized but no forfeiture proceedings are instituted, the general principle is that the cause of action accrues when plaintiff discovered or had reason to discover that he has suffered injury due to defendant's actions.[5] Jones does not dispute that the property was seized from his residence on May 2, 1992.[6] Consequently, the statute of limitations began to run on May 2, 1992, and expired six years later on May 2, 1998. Jones filed this motion in 2005, more than seven years after the statute of limitations expired, and the motion was, therefore, untimely.[7]

---

[3] The property includes a telephone answering machine, a Uniden scanner, personal papers, photographs, and $1,500.00 from his daughter Sannett's "account." (Docket Entry No. 18.)

[4] See 28 U.S.C. § 2401; see also Boero v. Drug Enforcement Administration, 111 F. 3d 301, 305, n.5 (2d Cir. 1997).

[5] See United States v. Rodriquez Aguirre, 264 F. 3d 1195, 1212-13 (10th Cir. 2001); United States v. Jones, 42 F. Supp. 2d 615, 617 (W.D.N.C. 1999) (holding that the statute of limitations bars claims for return of property unless filed within the six-year statute of limitations).

[6] Jones states that he was aware of the seizure and claims that he tried to seek return of the property "shortly after" he was sentenced. (Docket Entry No. 18, p. 2.)

[7] Even if the Court were to assume that the cause of action did not accrue until Jones's sentencing, the action remains time-barred. Plaintiff was sentenced on June 14, 1993, and the

Apart from the fact of his incarceration, Jones does not proffer any excuse for this protracted delay. There is no basis to equitably toll the limitations period.

## III. Conclusion

For the above reasons, the Court will, by separate order, grant the government's motion, enter judgment in favor of the government and against Jones, and direct the Clerk to close the case.

Dated this 3/31 day of January, 2007.

_____
Benson Everett Legg
Chief Judge

---

limitations period would, therefore, have expired on June 14, 1999. Assuming the cause of action accrued even later on April 21, 1995, the date Jones's conviction and sentence were affirmed on appeal, the instant Motion had to be filed by April 21, 2001.

3